UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| CHARLES LEDBETTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 5:15-CV-271-DCR-HAI |
| v. ) | |
| ) | |
| QUINTON CRAIG MEEK, M.D., ) | RECOMMENDED DISPOSITION |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

In August 2015, Kentucky state prisoner Charles Ledbetter filed this *pro se* civil rights claim under 42 U.S.C. § 1983, seeking $600,000 in compensatory damages and $6.5 million in punitive damages. D.E. 1. He alleges that Dr. Quinton Craig Meek committed medical malpractice by prescribing three medications that interacted, causing him memory loss, shaking, "bad nerves," and an inability to stop pacing. *Id*.[1]

After Dr. Meek answered the complaint (D.E. 12), Judge Reeves referred the matter to the undersigned "to conduct all further proceedings, including preparing proposed findings of fact and recommendations on any dispositive motions." D.E. 13 at 1. On November 30, 2015, the Court entered a scheduling order. D.E. 15. On April 29, 2016, Dr. Meek moved for an extension of time to file dispositive motions because he had not yet received certain medical records. D.E. 22. That motion was granted, and the Court ordered that Dr. Meek file any dispositive motions by June 15, 2016, and that any response by Ledbetter would be due by July 15, 2016. D.E. 26.

---

[1] This episode appears to have occurred on November 27, 2014. D.E. 27-2 at 4.

On June 15, 2016, Dr. Meek filed a motion for summary judgment. D.E. 27. The time allotted for Ledbetter to respond has since expired. Joint Local Civil Rule 7.1(c) warns parties that a failure to timely respond to a motion may be grounds for granting the motion. The undersigned therefore **RECOMMENDS** that Dr. Meek's motion for summary judgment (D.E. 17) be **GRANTED** on account of Ledbetter's failure to respond. In the alternative, the motion should be granted on the merits.

### Legal Standards

To prevail on a § 1983 claim against a state actor, the plaintiff must prove "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). For an Eighth Amendment claim related to a prisoner's medical treatment, the prisoner must further prove that the prison officials unnecessarily and wantonly inflicted pain by acting with deliberate indifference toward the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also O'Bryan v. Fed. Bureau of Prisons*, No. 6:07-CV-76-DCR, 2007 WL 2571906, at *4 (E.D. Ky. Sept. 4, 2007). To prove a deliberate indifference claim, the plaintiff must establish both an objective element (that the medical condition was sufficiently serious) and a subjective element (that prison officials knew of, but consciously disregarded, a substantial risk of harm to the plaintiff's health). *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).

A motion for summary judgment under Rule 56 can challenge the viability of the other party's claim by asserting that at least one essential element of that claim is not supported by legally-sufficient evidence. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). If the moving party demonstrates that there is no genuine dispute as to any material fact

and that he is entitled to a judgment as a matter of law, he is entitled to summary judgment. *Kand Medical, Inc. v. Freund Medical Products, Inc.*, 963 F.2d 125, 127 (6th Cir. 1992).

The moving party does not need his own evidence to support this assertion, but need only point to the absence of evidence to support the claim. *Turner v. City of Taylor*, 412 F.3d 629, 638 (6th Cir. 2005). The responding party cannot rely upon allegations in the pleadings, but must point to evidence of record in affidavits, depositions, and written discovery which demonstrates that a factual question remains for trial. *Hunley v. DuPont Auto*, 341 F.3d 491, 496 (6th Cir. 2003).

The court reviews all of the evidence presented by the parties in a light most favorable to the responding party, with the benefit of any reasonable factual inferences which can be drawn in his favor. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). The court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

## Merits Analysis

First, summary judgment should be granted because the record does not support Ledbetter's theory of causation. Ledbetter claims he experienced a psychotic episode because Dr. Meek wrongly prescribed lithium, Prozac, and Indomethacin at the same time. D.E. 1 at 4. However, according to Dr. Meek, the medical records show he "never prescribed Indomethacin to Ledbetter." D.E. 27-1 at 7. Indeed, other than his bare allegations, nothing in the record supports Ledbetter's theory that Dr. Meek prescribed Indomethacin.[2] Even if Dr. Meek had prescribed it, he argues "there is no evidence in the record that Indomethacin, in combination

---

[2] The medical records include treatment with Indomethacin that began shortly before Ledbetter's psychotic episode, but the record nowhere indicates it was prescribed by Dr. Meek. *See* D.E. 27-2 at 9.

3

with Prozac and lithium, would cause a psychotic episode." *Id*. at 7 n.1. In fact, the record memorializes that the doctor who responded to Ledbetter's episode, Dr. Khalil, opined on the scene that "the medications that [Ledbetter] is on would not the [sic] cause this type of behavior." D.E. 27-2 at 4. This "absence of evidence" that (1) Dr. Meek prescribed Indomethacin and that (2) Dr. Meek's prescription instigated the psychotic episode dooms Ledbetter's claim. *Turner*, 412 F.3d at 638.

Second, even if Dr. Meek had prescribed the three medications together, Ledbetter presents no evidence to support the subjective component of deliberate indifference. To do so, Ledbetter must present evidence that the medical error was "more culpable than mere negligence; it must demonstrate deliberateness tantamount to intent to punish." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Further, "the subjective intentions of prison authorities must be demonstrated by objective manifestations of such intent, and cannot be proved by factually unsupported, conclusory opinions of the court or of the prisoners or their representatives." *United States v. State of Mich.*, 940 F.2d 143, 154 n.7 (6th Cir. 1991). Ledbetter's claim is not within spitting distance of these standards. His complaint merely alleges "medical malpractice and negligence." D.E. 1 at 4. An allegation of mere negligence is facially inadequate to support an Eighth Amendment claim.

Third, Ledbetter's claim fails as a matter of law because he did not exhaust his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 88 (2006); 42 U.S.C. § 1997e. Lack of exhaustion is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 212 (2007), which Dr. Meek has raised. D.E. 12 at 3. The record contains no evidence that Ledbetter pursued an administrative remedy against Dr. Meek. Because Ledbetter presents no evidence to rebut this

defense, his claim fails under the exhaustion requirement of the Prison Litigation Reform Act, § 1997e.

## Conclusion

The undersigned **RECOMMENDS** that Dr. Meek's motion for summary judgment (D.E. 27) be **GRANTED** for four independently sufficient reasons:

(1) Ledbetter failed to timely respond to the motion.

(2) Ledbetter provides no evidence to confirm his core allegation that Dr. Meek simultaneously prescribed lithium, Prozac, and Indomethacin. His theory of causation thus has no support in the record.

(3) Ledbetter provides no evidence to support a finding of deliberate indifference. In fact, he merely alleges negligence on the part of Dr. Meek, which is legally insufficient to support a constitutional claim.

(4) Ledbetter provides no evidence that he properly exhausted his administrative remedies before filing suit.

Any objection to this recommendation must be asserted in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) and Rule 72(b) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 22nd day of July, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge

6